**WO**                                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyler Allen Bounds, | No. CV 05-3551-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On November 4, 2005 Plaintiff Kyler Allen Bounds, confined in the Arizona State Prison Complex-Winslow, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On June 21, 2006, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* and dismissed the Complaint with leave to amend. Plaintiff filed a First Amended Complaint on July 20, 2006 (Doc. # 9), which he designated as an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because the First Amended Complaint raises claims against state actors, the Court will construe the First Amended Complaint as filed pursuant to 42 U.S.C. § 1983. The Court will order Defendant Arpaio to answer Counts I and III of the First Amended Complaint. The Court will not dismiss the First Amended Complaint as to the John Doe identified in Count I but will not order service on him at this time. The Court will dismiss the remaining claims and Defendant.

**TERMPSREF**

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**II. First Amended Complaint**

Plaintiff names Joseph Arpaio and John and Jane Doe as Defendants. He raises nine counts in his First Amended Complaint. In Count I, Plaintiff alleges that he was slammed against a wall by an unidentified detention officer. In Count II, Plaintiff alleges that he was cuffed and shackled tightly, and when he complained, an unidentified officer pulled the cuffs up as tightly as possible and said "is that better?" In Count III, Plaintiff alleges that he was housed in a jail where he had to sleep on the floor and where the temperature was too cold in the winter and too hot in the summer. Count IV alleges that Plaintiff was subjected to overcrowding. Count V alleges that Plaintiff caught a staph infection while in jail. Count VI alleges that Plaintiff's "store" was eaten by mice and rats. Count VII alleges that his personal property was taken and lost. Count VIII also alleges loss of property. Count IX alleges verbal abuse by female officers while Plaintiff is in the shower.

For relief, Plaintiff requests monetary damages.

**III. Failure to State a Claim**

    **A. Count II**

In Count II, Plaintiff alleges use of excessive force by a detention officer. Prison officials violate an inmate's Eighth Amendment rights by using excessive physical force. However, a plaintiff only alleges a constitutional violation if the injury is more than *de minimis*. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). The injury suffered by the inmate need not rise to the level of objective seriousness required by other Eighth Amendment claims, but it must be something more than *de minimis*. Id. at 9. Not every use of physical

1 force violates the Eighth Amendment. Every malevolent touch by a prison guard does not
2 constitute a federal cause of action. Id.

3 The only use of force alleged in Count II is Defendant John Doe handcuffing Plaintiff
4 and pulling on the handcuffs. Such conduct is a *de minimis* injury and fails to state a claim.

5 **B. Counts IV- VIII**

6 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
7 injury as a result of specific conduct of a defendant and show an affirmative link between the
8 injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
9 To state a claim against a supervisory official, the civil rights complainant must allege that
10 the supervisory official personally participated in the constitutional deprivation or that the
11 supervisory official was aware of widespread abuses and, with deliberate indifference to the
12 inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez
13 v. Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040,
14 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v.
15 New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no
16 *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the
17 supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose
18 liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

19 Plaintiff was advised of this requirement in the Court's Order dated June 19, 2006.
20 Nevertheless, Plaintiff again fails to connect the allegations in Counts IV though VIII to
21 Defendant Arpaio. Plaintiff does not allege that Arpaio personally participated in the
22 constitutional deprivation or that he was aware of widespread abuses and, with deliberate
23 indifference to the inmate's constitutional rights, failed to take action to prevent further
24 misconduct, or that he formed policies that resulted in Plaintiff's injuries.

25 In addition, Count V alleges only that Plaintiff developed a staph infection. Although
26 *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory
27 and vague allegations will not support a cause of action. Ivey v. Board of Regents of the
28 University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Likewise, Counts VII and VIII,

1  which allege loss of property, do not state claims. Where the negligent conduct of a prison
2  official causes the loss of a prisoner's property, the loss does not amount to a deprivation
3  under the Due Process Clause. Daniels v. Williams, 474 U.S. 329, 331-332 (1986)
4  (overruling Parratt v. Taylor, 451 U.S. 527 (1981), "to the extent that it states that mere lack
5  of due care by a state official may 'deprive' an individual of life, liberty, or property under
6  the Fourteenth Amendment."). "[T]he Due Process Clause is simply not implicated by a
7  *negligent* act of an official causing unintended loss of or injury to life, liberty or property."
8  Daniels, 474 U.S. at 328 (emphasis in original). Allegations of lost or misplaced property fail
9  to state a claim under the Due Process Clause and so do not state claims under § 1983.

10  For the reasons stated above, Counts IV through VIII fail to state claims and will be
11  dismissed.

12  **C. Count IX**

13  Plaintiff alleges that female guards see him using the shower and male and female
14  guards subject him to sexual verbal abuse. In Somers v. Thurman, the Ninth Circuit held that
15  an inmate did not state a claim under the Eighth Amendment when he alleged that female
16  guards conducted body-cavity searches, saw him naked in the shower, and pointed and joked
17  among themselves. 109 F.3d 614, 622-23 (9th Cir. 1997). When an inmate raises an Eighth
18  Amendment claim, a court must determine (1) if the officials acted with a sufficiently
19  culpable state of mind and (2) if the alleged wrongdoing was objectively harmful enough to
20  establish a constitutional violation. Id. at 622 citing Hudson v. McMillan, 503 U.S. at 8. In
21  Somers, the court reasoned that the inmate had failed the subjective component of the
22  McMillan analysis because he did not allege that the guards intended to humiliate him and
23  had failed the objective component because "the exchange of verbal insults between inmates
24  and guards is a constant, daily ritual observed in the nation's prisons." Somers, 109 F.3d at
25  622 (citations omitted).

26  Here, even assuming that the allegations of verbal abuse of a "sexual nature" meet the
27  subjective component of McMillan, the conduct alleged, although offensive, is not
28

TERMPSREF

- 4 -

objectively harmful enough to be a constitutional violation. Thus, the allegations in Count IX fail to state a claim and will be dismissed.

### IV. Claims For Which An Answer Will be Required

Liberally construed, Counts I and III state claims against Defendant Arpaio, and the Court will require him to answer these Counts.  Count I also states a claim against the unidentified detention officer, John Doe. The  Court  will not order service at this time on Defendant John Doe because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unidentified defendant. If Plaintiff is able to determine the identity of this Defendant, he should amend his First Amended Complaint to name him.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

### V. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

#### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff

1  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court
2  may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count II and Counts IV through IX and Defendant Jane Doe are dismissed without prejudice.

(2) Defendant Arpaio must answer Counts I and III.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and

waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)  Personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b)  Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure unless otherwise ordered by the Court.

(8)  **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)  Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)  This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 11th day of September, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF