1    **WO**                                                                            **JWB**

2

3

4

5

6                       **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Kyler Allen Bounds,                    )    No. CV 05-3551-PHX-MHM-ECV
                                            )
10                  Plaintiff,              )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12   Joseph M. Arpaio, et al.,              )
                                            )
13                  Defendants.             )
     _____)

14
            In this civil rights action brought by a former county jail inmate, Defendant moved
15
     to dismiss for lack of exhaustion (Doc. # 14).  Plaintiff responded, and Defendant replied
16
     (Doc. ## 17, 18, 21).  The Court will grant in part and deny in part Defendant's motion.
17
     **I.    Background**
18
            Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio alleging that
19
     Plaintiff's constitutional rights were violated by (1) excessive force by an unknown detention
20
     officer (Count I) and (2) overcrowded conditions and exposure to extreme temperatures in
21
     the jail (Count III) (Doc. # 9 at 4, 6).  Defendant Arpaio was ordered to answer these claims
22
     (Doc. # 10).[1]  Defendant subsequently filed a Motion to Dismiss on the ground that Plaintiff
23
     failed to exhaust his administrative remedies prior to filing suit (Doc. # 14).  In support of
24
     his motion, Defendant submitted (1) an affidavit of Inmate Hearing Unit Sergeant Susan
25

26    _____

27          [1] Count II and Counts IV through IX were dismissed without prejudice, as well as
     Defendant Jane Doe.  Plaintiff also named the unknown detention officer in Count I.
28   Plaintiff was instructed to amend his Complaint to name that unknown Defendant.

Fisher and (2) the Maricopa County Sheriff's Office's Inmate Grievance Procedures (Doc. # 14, Exs. 1, 2).

**II.   Parties' Contentions**

Plaintiff filed a First Amended Complaint claiming that excessive force and exposure to overcrowding and extreme temperature at the Maricopa County Jails resulted in violations of Plaintiff's constitutional rights (Doc. # 9 at 4, 6).   In his First Amended Complaint, Plaintiff acknowledged that a grievance system existed at the Jail, but with respect to his excessive force claim, Plaintiff stated that he was never given a grievance form despite repeated requests.   And regarding his claim of overcrowding and exposure to extreme temperatures, Plaintiff claimed he submitted a grievance and it was returned as not being a grievable issue (id.).

In support of his motion to dismiss, Defendant submitted the affidavit of Inmate Hearing Sergeant Susan Fisher (Fisher Aff., Ex. 1, Doc. # 14).   Fisher asserted that she has searched Plaintiff's file for records of grievances and that Plaintiff failed to exhaust the grievance process as to his claims (id. at ¶ 6).

Plaintiff responded to Defendant's motion on January 29, 2007 (Doc. # 17).   Plaintiff averred that he requested grievance forms, but that the detention officers eventually threatened him with violence if he kept asking for grievance forms, which forced Plaintiff to stop asking for them (id. at 1-2).   Consequently, Plaintiff argues that he had no "available remedies" and therefore he was not required to exhaust his administrative remedies.

Defendant replied on February 13, 2007 (Doc. # 18).   Defendant argued that Plaintiff's failure to specifically identify the jail staff who refused Plaintiff's request for grievance forms and threatened him precludes a finding that Plaintiff had no available administrative remedies (id.).

Plaintiff filed a sur-response on March 8, 2007 (Doc. # 21).   Plaintiff averred that because the detention officers wear vests over their uniforms, it was impossible for Plaintiff to get all of the names of the officers who refused to provide him with grievance forms or threatened Plaintiff with violence when he attempted to grieve his excessive force claim.

1   Nevertheless, Plaintiff further argued that Officers Wu and Stiffler told Plaintiff that
2   "extreme cold" was not a grievable issue and refused to provide him with a grievance form
3   (id. at 4).

4   　　　　The Court provided Defendant with an opportunity to file a sur-reply to address
5   Plaintiff's contentions (Doc. # 23), but no sur-reply was filed.

6   **III.    Legal Standard**

7   　　　　Plaintiff must first exhaust "available" administrative remedies before bringing this
8   action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.
9   2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the
10  administrative review process in accordance with the applicable rules.  See Woodford v.
11  Ngo, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life,
12  Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through
13  the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

14  　　　　Defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt
15  v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of
16  abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to
17  decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Further, a court has broad
18  discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l
19  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation
20  omitted).

21  **III.    Analysis**

22  　　　　**A.    Count I**

23  　　　　Defendants have submitted evidence that Plaintiff failed to fully exhaust his
24  administrative remedies as to the Count I of his First Amended Complaint—excessive force.
25  Plaintiff does not dispute that he failed to exhaust; rather Plaintiff argues that the grievance
26  process was unavailable to him for several different reasons.  Plaintiff's argument, however,
27  is unavailing.  Plaintiff has not specifically named *any* of the officers who refused his request
28  for grievance forms or threatened him with violation.  Nor has Plaintiff described with any

1  degree of specificity (such as dates, times, or other identifying circumstances) what
2  transpired to prevent him from filing grievances.   Plaintiff claims that officers wear vests
3  over their uniforms, which prevented Plaintiff from learning the names of the officers who
4  refused Plaintiff grievance forms for his excessive force claim.  But Plaintiff was able to
5  name officers who refused his requests for grievance forms related to his claim of
6  overcrowding and extreme temperature.  As a result, in light of Plaintiff's generalized
7  allegation that detention officers told him that his issues were not grievable, the Court cannot
8  conclude that Plaintiff had no available administrative remedy regarding his excessive force
9  claim.  Defendant's motion will therefore be granted on Count I.

10      **B.    Count III**

11      In contrast to Count I, Plaintiff *has* presented evidence that Officers Wu and Stiffler
12  refused Plaintiff's requests for grievance forms as to his claim of exposure to extreme
13  temperatures at the jail.  Defendant submitted evidence that the grievance process does not
14  limit the types of issues that an inmate may grieve.  Plaintiff, however, has consistently stood
15  on the allegation in his verified First Amended Complaint that he was told his claim in Count
16  III could not be grieved, and in his sur-response to Defendant's motion he specifically
17  identified two officers who told him so.  In light of this evidence, the Court is not persuaded
18  that Defendants have carried their burden of showing that a remedy was "available" to
19  Plaintiff as to his claim in Count III.  Brown, 422 F.3d at 934-35

20      Notably, despite being granted additional time to respond to Plaintiff's sur-response,
21  the record contains no testimony from any of the officers regarding the truth of Plaintiff's
22  assertion that they told him that his issues were not grievable.  There is also no evidence
23  regarding whether other inmates were able to grieve similar issues.  See Wyatt, 315 F.3d at
24  1120 n. 15 (remanding for further factual development of the record on exhaustion).  In light
25  of the undeveloped record and Defendant's failure to meet their burden, the Court will deny
26  Defendant's motion without prejudice as to Count III.

27  ///

28

C.      **John Doe Defendant**

Because the John Doe Defendant was named only in Count I, and Count I has been dismissed for failure to exhaust, the John Doe Defendant will also be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 14) is **granted in part and denied in part** without prejudice.   Count I is dismissed for failure to exhaust administrative remedies.  Defendant John Doe is dismissed.  This action will continue with respect to Count III.

DATED this 15th day of June, 2007.

_____
Mary H. Murgula
United States District Judge